VERMONT SUPERIOR COURT
Environmental Division
32 Cherry St, 2nd Floor, Suite 303,
Burlington, VT  05401
802-951-1740
www.vermontjudiciary.org

Docket No. 17-2-20 Vtec



| Town of S. Hero v AIR Development, LLC et al |
| --- |

## ENTRY REGARDING MOTION

Title:          Motion to Dismiss (Motion #1)

Filer:          Air Development, LLC

Attorney:    Brian P. Monaghan

Filed Date:  March 24, 2020

Response in Opposition filed on 04/10/2020 by Attorney William Andrew MacIlwaine
          for the Town of South Hero

The Town of South Hero ("Town") brings this municipal enforcement action against AIR Development, LLC ("AIR") and Zlotoff Foundation, Inc. ("the Foundation"), seeking fines and injunctive relief to address certain alleged zoning violations.  The Town issued two Notices of Violation ("NOVs") describing the alleged violations, and the Foundation has filed an appeal of the NOVs which is also pending before this Court (Docket No. 69-6-19 Vtec).  The NOV appeal has been coordinated with this enforcement action.  Presently before the Court is a motion by AIR and the Foundation ("Defendants") to dismiss the Town's First Amended Complaint for Enforcement ("Amended Complaint").

As a preliminary matter, we note that our recent decision on summary judgment in the NOV appeal dismissed the NOV regarding the Foundation's Garage ("Garage NOV"). *See* Zlotoff Foundation, Inc. NOV(2), No. 69-6-19 Vtec, slip op. at 23 (Vt. Super. Ct. Envtl. Div. Sept. 24, 2020) (Durkin, J.).  Thus, the Town's Amended Complaint as it relates to the Garage NOV is **MOOT**. Issues relating to enforcement of the Museum NOV remain before the Court.

Defendants move to dismiss the remainder of the Town's Amended Complaint pursuant to V.R.C.P. 12(b)(1) for lack of subject matter jurisdiction and V.R.C.P. 12(b)(6) for failure to state a claim upon which relief can be granted. In so doing, they ask us to consider certain exhibits outside the pleadings. The Town contends that Defendants cannot meet the high bar for dismissal and that Defendants' motion raises, at best, disputed issues of fact. Under these circumstances, we conclude that the best course is to treat Defendants' motion as one for summary judgment.  *See* V.R.C.P. 12(b) ("If, on a motion . . . to dismiss for failure to state a claim

. . . , matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment . . . ."); *see also, e.g.*, <u>In re Saman ROW Approval</u>, No. 176-10-10 Vtec, slip op. at 1 (Vt. Super. Ct. Envtl. Div. Sept. 2, 2011) (Durkin, J.)

Before moving forward, we must give the parties a "reasonable opportunity to present all material made pertinent to [a summary judgment motion] by Rule 56." V.R.C.P. 12(b). Defendants' motion raises a narrow set of issues that are still live, and the parties have already completed significant briefing. Therefore, we believe that 10 working days should be sufficient for all parties to submit supplemental materials made relevant by this conversion from a motion to dismiss to a motion for summary judgment.

For the foregoing reasons, Defendants' motion is converted to one for summary judgment. The parties shall file any supplemental materials they deem relevant, pursuant to V.R.C.P. 56, within 10 working days of this Order (i.e. by **4:00 pm on Monday, October 19, 2020**).

**So Ordered.**

Electronically signed at Newfane, Vermont this 5th day of October, 2020, pursuant to V.R.E.F. 9(d).

Thomas S. Durkin, Superior Judge
Superior Court, Environmental Division